## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WAYNE NELSON,

                    Plaintiff,              Case Number: 2:14-CV-11256
                                            HONORABLE DENISE PAGE HOOD

v.

STANLEY J. JANICE, ET AL.,

                    Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL

### I. Introduction

Pending before the court is the Plaintiff Wayne Nelson's *pro se* civil rights complaint,[1] filed under the authority of 42 U.S.C. § 1983. Plaintiff is incarcerated at the Muskegon Correctional Facility. Plaintiff names four defendants: assistant United States prosecutor Stanley J. Janice, two City of Detroit Police Officers: James A. Bivens, Sr., and Johnny White, and Wayne County Circuit Court clerk Cathy M. Garrett. The complaint alleges defendants have failed to provide material evidence related to his criminal conviction.

---

[1] In Plaintiff's Complaint, **[Docket No. 1]** Plaintiff refers numerous times to a "Memorandum of Law" that Plaintiff states is "attached to the back of [the] Complaint." The Court notes that no such memorandum is attached to the Complaint that was submitted to the Court.

## II. Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *id.* at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 1949 (*quoting Twombly*, 550 U.S. at 557).

The plaintiff paid the filing fee in this action, rendering inapplicable this Court's authority to screen such complaints for frivolity or maliciousness pursuant to 28 U.S.C. § 1915(e)(2). As a general rule, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *Apple v. Glenn*, 183 F.3d 477, 479

(6th Cir. 1999). However, a review of a prisoner's civil rights complaint pursuant to 28 U.S.C. § 1915A is appropriate regardless of whether the prisoner has sought *in forma pauperis* status when the claim is brought against a governmental entity. *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999). Therefore, if a prisoner's complaint seeks relief from a governmental entity, officer, or employee, Congress has directed that the district court must dismiss it, or any part thereof, which (a) is frivolous, malicious, or fails to state a claim upon which relief can be granted, or (b) seeks monetary relief from a defendant who is immune from suit for monetary damages. 28 U.S.C. § 1915A; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007). Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (*citing Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se*

3

civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### III. Discussion

### A. Defendant Stanley J. Janice

Plaintiff names as a defendant an assistant United States Attorney, Stanley J. Janice. Janice's relationship to Plaintiff's state court criminal conviction is unclear from the face of the complaint, but Plaintiff alleges that Janice has failed to provide him with material evidence.

Plaintiff filed his complaint under 42 U.S.C. § 1983, which encompasses violations of the federal Constitution or federal law by individuals acting under color of state law. A complaint challenging the conduct of federal officials is properly filed under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Assistant United States attorneys operate under color of federal, not state, law. *See Franklin v. Henderson*, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001) ("The federal government and its officials are not subject to suit under 42 U.S.C. § 1983."); *Kostyu v. Ford Motor Co.*, No. 85-1207, 1986 WL 16190, at *1 (6th Cir. July 28, 1986). Therefore, they are not subject to suit under § 1983.

Even assuming that Plaintiff's claims against Janice are filed pursuant to *Bivens*, he is subject to summary dismissal. "Absent a waiver, sovereign immunity

shields the Federal Government and its agencies from suit. Sovereign immunity is jurisdictional in nature." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (internal citations omitted). Plaintiff has not alleged or demonstrated that the Federal Government and its agencies waived sovereign immunity in this case. Consequently, Plaintiff has no *Bivens* cause of action against Janice.

### B. Defendant Cathy M. Garrett

Next, Plaintiff claims that Cathy M. Garrett, Clerk of the Third Judicial Circuit Court, failed to provide him with material evidence after payment of a $35 fee.

It is well-established that court clerks and other court employees have absolute immunity against liability for actions arising out of the performance of judicial or quasi-judicial functions. *Foster v. Walsh*, 864 F.2d 416, 418 (6th Cir. 1988). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). In *Ortman v. Michigan*, 16 F.3d 1220, 1994 WL 12230 (6th Cir. Jan. 18, 1994), the Sixth Circuit Court of Appeals held that a court clerk was entitled to absolute quasi-judicial immunity from liability for allegedly improperly handling the plaintiff's attempts to appeal. The allegations against Garrett in this case involve the performance of judicial functions. Garrett's actions fall within the doctrine of quasi-judicial

5

immunity and she is immune from suit.

### C.  Defendants James A. Bivens, Jr. and Johnny White

Plaintiff alleges that he did not receive the notes of police sergeant James A. Bivens, Jr., related to his criminal conviction.  He does not allege that Bivens withheld these notes or any other specific wrongdoing by Bivens.  Similarly, he fails to make any factual allegations against police officer Johnny White.

Basic pleading requirements dictate that a plaintiff must attribute factual allegations to particular defendants.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim); Fed. R. Civ. P. 8(a).  A complaint must allege each defendant's personal involvement with the alleged violation of federal rights.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where complaint did not allege which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 200 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant). Conclusory allegations are insufficient to state a civil rights claim under § 1983. *See, e.g* ., *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003).  Plaintiff fails to allege any particular wrongdoing by Bivens and makes no specific allegations against

6

White.  The Court dismisses these defendants.

### D.  *Heck v. Humphrey*

Alternatively, the complaint is subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Plaintiff argues that material evidence related to his criminal conviction was withheld.  This claim necessarily challenges the validity of Plaintiff's criminal conviction.  A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment.  *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).  In *Heck*, 512 U.S. at 486-87, the Supreme Court established that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254, or otherwise invalidated.  Because Plaintiff has not achieved a favorable termination of his criminal case, this claim is barred by *Heck*.

### IV.  Conclusion

For the reasons set forth above, the Court concludes that Plaintiff's complaint lacks an arguable basis in law and fails to state a claim for which relief may be granted.

Accordingly, **IT IS ORDERED** that Plaintiff's complaint is summarily dismissed pursuant to 28 U.S.C. § 1915A.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: June 18, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 18, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

8